George Y. Core Clerk of the Courts Port St. Joe
QUESTION:
Is the Department of Health and Rehabilitative Services exempt under the provisions of s. 409.2571, F. S., from paying to the clerk of the circuit court the service charges for copies of final judgments of dissolution of marriage when the copies are used by the department in determining eligibility of clients for public assistance?
SUMMARY:
The Department of Health and Rehabilitative Services is liable for the payment of service charges imposed by the clerk for his services as county recorder for copies of the final judgments of dissolution of marriage for use by the department in determining public assistance eligibility.
Your question is answered in the negative.
The clerk of the circuit court is the county recorder of all instruments that he may be required or authorized by law to record in the county where he serves as clerk. Section 28.222(1), F. S. Section 28.222(3) sets forth the kinds of instruments which the clerk, upon payment of the service charges prescribed by law, shall record; they include, inter alia, `judgments, including certified copies of judgments, entered by any court of this state or by a United States court having jurisdiction in this state and assignments, releases, and satisfactions of judgments.' Section28.222(3)(c). See also s. 28.29, F. S., which provides that orders of dismissal and final judgments of the courts in civil actions shall be recorded in the official records. Cf. s. 28.101, F. S., which provides that, upon receipt of a final judgment of dissolution of marriage for filing and in addition to the filing charges in s. 28.241, F. S., the clerk shall collect and receive a service charge of $3 for recording and reporting such final judgment to the Bureau of Vital Statistics of the Division of Health. Section 28.24, F. S., generally prescribes the service charges which the clerk of the circuit court, as county recorder, is required to make for services rendered by his office in recording documents and instruments or verifying or making copies of instruments in the public records and the amount of the scheduled service charges therefor.
Under the foregoing statutes, the clerk, in his capacity as county recorder, is required to charge and collect from any person or governmental agency procuring and receiving the services of the clerk the prescribed service charge for the particular service rendered, unless such person or governmental agency is exempted therefrom by law. Cf. s. 28.101, F. S., imposing an additional $3 service charge for the clerk for recording and reporting a final judgment of dissolution of marriage to the State Bureau of Vital Statistics of the Division of Health, Department of Health and Rehabilitative Services. Section 28.24, F. S., does not exempt any person, the performance of any prescribed duty, or the rendering of any of the specified services from the statutorily imposed liability for payment of any of the prescribed service charges.Cf. s. 28.19(2), F. S., providing that recorded instruments
 . . . shall always be open to the public, under the supervision of the clerk, for the purpose of inspection thereof and of making extracts therefrom; but the clerk shall not be required to perform any service in connection with such inspection or making extracts without payment of service charges as provided in s. 28.24.
Section 409.2571, F. S., which was first enacted in 1976 as part of an act relating to the support of dependent children, does provide for the performance of certain necessary services for the Department of Health and Rehabilitative Services by the clerk in his capacity as court clerk in the child-support enforcement and paternity actions or proceedings under ss. 409.2551-409.2597, F. S. Among the remedies provided for by the act are the institution of actions for support and a determination of paternity, proceedings for modification of court orders, and the settlement or compromise of actions brought pursuant to the statute. The act also provides for the assignment of earnings, the establishment of a parent locator service, and the assignment and subrogation of rights and limitations to the collection of the debt owed to the department for public assistance payments. See also s. 409.2567
which provides that all child-support collection and paternity determination services provided by the department shall be available to individuals not otherwise eligible upon the filing of a proper application ('[t]he department shall establish a reasonable application fee for services provided under this section and may recover any costs incurred in the collection of child support which costs are in excess of the application fee, from any amounts of child support so collected.').
Section 409.2571(1), F. S., exempts the Department of Health and Rehabilitative Services from the payment of any fees or service charges of, inter alia, the clerk in his capacity as clerk of thecourt `in any proceedings under this act.' Thus the department is exempt under the provisions of s. 409.2571 from the payment of such fees as filing charges or fees normally imposed by the clerk acting in his capacity as clerk of the court in an action brought under Ch. 76-220, Laws of Florida (ss. 409.2551-409.2597, F. S.).Cf. s. 409.2564(4) which states in pertinent part that `[t]he clerk of the court shall file the agreement [for the entry of a judgment determining paternity, if applicable, and for periodic child-support payments] without the payment of any fees orcharges, and the court, upon entry of the judgment, shall forward a copy of the judgment to the parties to the action.' (Emphasis supplied.) See also s. 409.2564(2). Section 409.2571 does not, however, generally exempt the department from the service charges or fees imposed by law, nor does the section appear to exempt the department from the payment of the service charges, imposed by the clerk as county recorder, in making copies of instruments in the public record for use in determining public assistance eligibility.
Therefore, I am of the opinion that the Department of Health and Rehabilitative Services is liable for the payment of service charges imposed by the clerk for his services as county recorder for copies of the final judgments of dissolution of marriage for use by the department in determining public assistance eligibility.
Prepared by:
Joslyn Wilson Assistant Attorney General